Sylvia MARSHALL et al., Appellants,

v.

UNITED FINANCE & THRIFT CORPORA-
TION OF DALLAS COUNTY, Appellees.

No. 15830.

Court of Civil Appeals of Texas.

Dallas.

May 26, 1961.

Arthur N. Bishop, Jr., Dallas, for appel-
lants.

Ivan Irwin, Irion, Cain, Cocke & Magee
and Burt Berry, Dallas, for appellees.

YOUNG, Justice.

Sylvia Marshall was the borrower and
defendant corporation the lender; the ac-
tion in trial court being by her for recovery
of usurious interest allegedly paid, damages
for physical injuries caused by claimed un-
reasonable collection efforts on part of de-
fendant, its agents and servants, and for
defamation of character in such connec-
tion. Also a plaintiff in third amended or-
iginal petition was her brother Gilbert Mil-
ler, claiming physical injuries resulting
from the same alleged collection efforts;
but the latter was dismissed from suit upon
defendants' special exception. The jury
found in answer to Issue No. 1 that no un-
reasonable collection efforts were made, re-
sulting in a take nothing judgment against

the named plaintiff, with appeal taken by her and Gilbert Miller.

Points of appeal will next be stated: (1) error in ordering dismissal of plaintiff Miller because "unreasonable collection methods exerted on any person constitute an actionable tort, whether such person has or has not been a borrower from the entity exerting such efforts; and (relative to Sylvia Marshall): the trial court's error; (2) "in failing to submit to the jury one or more Special issues on usurious interest, for the requiring of a borrower to purchase credit insurance from an insurer selected by the lender constitutes the collection of usurious interest;" (3) "in failing to submit to the jury one or more Special Issues on usurious interest, for the prevention by the lender of the borrower's being refused unearned premiums on credit life insurance constitutes the collection of usurious interest;" (4) "in failing to submit to the jury an instruction and Special Issue on defamation of character of the Plaintiff Sylvia Marshall, to the witness Ann McNear, since both the pleadings and the evidence clearly established a prima facie case of defamation;" (5) "in excluding from the jury the testimony of the witness Mary Lou Lee as to defamation of character of the Plaintiff Sylvia Marshall by the Defendant;" (6) "in refusing to permit the Plaintiffs to file their First Trial Amendment, since the same was material to the cause and presented prior to submitting the Charge to the jury;" (7) "in failing to submit to the jury a Special Issue on defamation of character of the Plaintiff Sylvia Marshall to the witness Mary Lou Lee, since the testimony clearly supported the issue."

Concerning point 1 above plaintiff had alleged that "defendant harassed the plaintiff Gilbert L. Miller during such program even though defendant knew that such plaintiff had never, at any time, borrowed a penny from it. As best as both plaintiffs can remember, the full details of the said program are hereinafter related, the balance thereof being not now remembered by the plaintiffs, but well known to defendant." Plaintiffs then allege that defendant's program of reckless collection efforts from January 27 to August 7, 1957 consisted in part of "(b) repeated, incessant telephone calls to the plaintiff Gilbert L. Miller during the day at the plaintiffs' residence telephone (Taylor 7–3477, (well known to defendant), averaging one (1) to five (5) times weekly during the said period, upsetting the said plaintiff, causing him to break out in welts over the trunk of his body and aggravating his condition of extreme nervousness and pernicious anemia, which condition was known to defendant on or before February 3, 1959." "That as a proximate result of the foregoing wrongful acts of defendant, the plaintiff Gilbert L. Miller, a person already suffering from pernicious anemia, suffered outbreaks of welts over the entire trunk of his body each time agents or employees of defendant contacted him on and after the 27th day of January, 1959; including the repeated telephone contacts wherein defendant's agents or employees refused to give their names; he has suffered extreme nervousness and irritability, loss of appetite, and reduced ability to sleep." And in the alternative plaintiffs alleged that "they suffered aggravation or delayed recovery from the said symptoms, all of which worsened after January 27, 1959," and have "incurred medical and pharmaceutical expenses, as hereinafter recited."

The wording of defendant's special exception sustained to the foregoing allegations of Gilbert L. Miller is not shown in the transcript but appears in defendant's reply brief as follows: "Defendant especially excepts to the joinder of Gilbert L. Miller as a party Plaintiff in this case for the reason that the said Gilbert L. Miller did not execute any of the instruments in question in this case and no effort was ever exerted upon him to make any of the payments for which his sister, Sylvia Marshall, had obligated herself. His only connection with this cause of action is that he answered the telephone on some seven (7) or eight (8) occasions when representatives from De-

fendant's office would attempt to contact the obligor, Sylvia Marshall. Thus, Gilbert L. Miller has no justiciable claim for damages against this Defendant." It is argued in this connection that the jury having found no unreasonable collection efforts were made against plaintiff, Sylvia Marshall, the trial court did not abuse its discretion in ruling that "merely answering the plaintiffs' telephone did not constitute a cause of action for harassment."

■ With respect to point 2 above, appellee correctly states that no issues touching the factual situation there involved were requested as required by Rule 279, Texas Rules of Civil Procedure, hence no ground of error is presented. And as to point 3 (refusal of requested issue on refund of unearned premiums on credit life insurance), Art. 3.53, § 7–D provides in part: "life insurance policies shall be non-cancellable by the insured and the premium shall be considered fully earned when paid." Perforce of the statute therefore no error is shown.

■ Points 4 and 5 complain of the court's refusal of requested issues on defamation of character of plaintiff Sylvia Marshall; she having pled and the evidence establishing a prima facie case of defamation; and raised in the testimony of Ann McNear and Mary Lou Lee. Miss McNear was a fellow employee of plaintiff with the Haggar Company and Vernon Smith was manager of the defendant company. It was the testimony of this witness that in January of 1957 she accepted a telephone call for plaintiff at the office from Mr. Smith, who talked over the 'phone in such a loud tone of voice that witness could hear the conversation; and who said in part that "she (plaintiff) just plain didn't make any attempt to pay her bills and that he just didn't like her attitude and the whole affair and that she was just plain stealing from the company." Under counter-point appellee says that "To be actionable, defamatory words must have been communicated orally or in writing to some third

person capable of understanding their import and in such a way that said third person did so understand. Assuming the language in question was defamatory, there was no communication. The third person could only have overheard the voice on the telephone if the plaintiff obligingly held the telephone received so the voice could be overheard. The publication of defamatory words invited or procured by the plaintiff, or with his consent, will not support an action. 27 Tex.Jur. 621, § 19. In the case of Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770, our Supreme Court said: 'There is no libel unless there is a publication, for the gist of an action for libel is injury to the plaintiff's reputation. * * * It is our opinion that the second and third certified questions are answered by the rule that if the publication of which the plaintiff complains was consented to, authorized, invited or procured by the plaintiff, he cannot recover for injuries sustained by reason of the publication.' "

We disagree with appellee that the conversation so overheard by the witness was one within above rule as "authorized, invited or procured by the plaintiff;" in other words that proper issues on this plaintiff's allegations of slander and defamation should have been given.

■ In the same connection the testimony of Mary Lou Lee was excluded by the court as qualified privilege. This witness while employed with Pioneer Finance & Thrift Company had occasion to make investigation of the credit rating of Mrs. Marshall. By Bill of Exceptions it is shown that the manager of defendant company gave her the following report on appellant: "And he said that no, she would not be. He said that she was late making payments all the time, and they usually had to put a $2.00 late charge on her, something like that, for being late and that frankly he said that she had stolen money from United Finance Company." There are occasions where words of a defamatory nature are not actionable but privileged. As stated in 27 Tex. Jur. p. 649, § 35, "Qualified privilege com-

prehends all bona fide communications upon any subject matter in which the author has an interest or with respect to which he has a duty to perform to another having a corresponding duty. Such privilege is termed 'conditional' or 'qualified' because the person availing himself of it must use it in a lawful manner and for a proper purpose." But here the concluding statement, attributed to defendant's manager goes quite beyond the rule of qualified privilege. In the early case of Brown v. Durham, 3 Tex.Civ. App. 244, 22 S.W. 868, 871, discussing defamatory statements, the court said in part: "While, as before stated, they had the privilege, on account of their relations, to communicate all proper information growing out of them, they could not make use of the occasion to utter or publish defamatory matter not relevant thereto. The privilege would not extend further than the occasion required." And in 33 Am.Jur. p. 176, § 184, it is stated: "That in order to be privileged, a statement must be made pertinent and material to the matter in hand. The privilege does not extend to a communication upon any extraneous matter which the defendant may make at the same time. The communication on the extraneous matter is not made upon a privileged occasion at all, since the existence of privilege on one matter gives no protection to irrelevant libel introduced into the same communication." The testimony of Miss Lee should have been admitted on the issue in question.

Point 1 complains of the dismissal of Gilbert L. Miller on special exception. Such action of the trial court was unusual to say the least, the exception having all the force and effect of a general demurrer (now abolished). Here the court might have properly entertained a motion to sever or to dismiss after hearing of evidence. Appellee argues that the jury having found that no unreasonable collection efforts were made against Sylvia Marshall, there was no abuse of the court's discretion in ruling that merely answering the telephone in such connection did not amount to a cause of action for defamation on part of the brother, Gilbert L. Miller. This is a non sequitur. His claim of a legal right and injury has indeed features of novelty but only through a hearing can it be determined that same is an actionable tort; or, according to 86 C.J.S. Torts § 40, p. 954 "An intentional invasion of, or interference with, property, property rights, personal rights, or personal liberties causing injury without just cause or excuse * * *."

Points of appellant Mrs. Marshall relating to unreasonable collection efforts are overruled; thereby affirming appellee's judgment thereon; and it appearing that the points sustained affect only a part of the matters in controversy (defamation) as to which the issues are severable, the cause is reversed and trial ordered only on that phase of the case as pled by both plaintiffs Sylvia Marshall and Gilbert L. Miller. Rule 434 T.R.C.P.

Affirmed in part; reversed and remanded in part.