**Jerry COVINGTON, Appellant,**

v.

**George C. BURKE, Appellee.**

**No. 4139.**

Court of Civil Appeals of Texas.

Eastland.

March 10, 1967.

Rehearing Denied March 31, 1967.

Garland Casebier, Midland, for appellant.

Key, Carr & Clark, Lubbock, Aubrey J. Fouts, Lubbock, for appellee.

WALTER, Justice.

George C. Burke recovered a judgment against Jerry Covington for damages growing out of a wrongful deed of trust foreclosure. Covington has appealed. Burke has a cross-point asserting the court erred in failing to render judgment in his behalf for $5,000.00 punitive damages awarded him by the jury.

Covington sold Burke seven small tracts of land in Reeves County for $1,755.00 These were small forty and eighty acre tracts. Burke executed a vendor's lien note for $1,170.00 payable at Midland, Texas, and a deed of trust which permitted the holder of the indebtedness, at his option, to declare the entire balance due if taxes on the property became delinquent.

The record conclusively shows that Burke was not delinquent in the payment of principal and interest at the time of foreclosure. The record shows, without dispute, that Burke permitted the taxes on the property to go delinquent on February 1, 1964. The total amount of the taxes amounted to about $27.00. Covington made the decision to foreclose his deed of trust lien on February 3rd because Burke had permitted the taxes to become delinquent. Covington did nothing to notify Burke that he had exercised his option and accelerated payment of the note, except to post notices. Covington purchased the property at the foreclosure sale for $1.00 per acre.

After the sale, Covington wrote a letter to one of Burke's lawyers and informed him of the following facts:

"5. Upon the consummation of said sale Mr. Burke and Mr. Etgen still owed $603.47 at 10% interest under the terms of a note and Deed of Trust which they executed. This will advise my attorney, Frank C. Ashby, to proceed with suit for collection of said indebtedness.

6. By good and valid General Warranty Deed dated August 10, 1964, and properly recorded in the Deed Records, Reeves County, Texas, Jerry Covington passed title in good faith to all of the surface rights only to the seven tracts described in said Deed of Trust. In short, a good faith claimant of record now holds title to said land.

7. The Courthouse in Reeves County is located on Courthouse Square, Pecos, Texas."

The record shows that after the foreclosure Covington conveyed the property to Della Corporation. When asked if Della

Corporation still owned the property, Covington answered: "They still own half of it." Covington offered to resell the property to Burke for $5,150.00.

The jury found that $5,150.00 was the reasonable fair market value of the property on the date of the foreclosure; that Covington foreclosed with malice and that $5,000.00 should be assessed against Covington as punitive damages.

■ Appellant contends that he was authorized to accelerate payment of the note and foreclose because Burke permitted taxes on the property to become delinquent and he had no duty to notify Burke that he had exercised his option to accelerate payment. Appellee contends:

"To exercise an option under a deed of trust to accelerate maturity of the underlying note for failure to pay ad valorem taxes the mortgagee must, as a matter of law, present the note to the mortgagor and demand payment, and in absence of such presentment and demand, foreclosure of such deed of trust lien without notice is wrongful and illegal."

We are inclined to believe that appellee's contention is correct. Covington had a duty to notify Burke, in some way, that he had exercised his option to mature the balance of the note. In Parker v. Mazur, 13 S.W.2d 174, (Tex.Civ.App.1928, error dis.) the court said:

"It must be kept in view that the mere failure to pay the interest within 30 days would not of itself immediately mature the whole debt, but acceleration of maturity depended entirely upon the option and desire of the owner and holder of the notes. The debtor knew that there was default in payment of interest, but had no notice that the creditor would exercise his power of acceleration of the whole debt. The clause as to the maturity of the whole debt was not positive and self-executing, but depended for its vitality upon the will and desire of the owner and holder of the notes, and equity would demand notice of such will and desire before demand should be made for the payment of the entire debt. * * A court of equity will scan very closely the enforcement of so hard and rigorous a contract as appears in this case."

Also see Jernigan v. O'Brien, 303 S.W.2d 515, (C.C.A.1957, no writ history).

■ We find no merit in appellant's contention that Burke should have attempted to regain title before seeking damages. John Hancock Mutual Life Insurance Company v. Howard, 85 S.W.2d 986, (C.C.A. 1935, writ ref.), does not support that contention because the property in the case at bar had passed into the hands of third parties. Covington exercised dominion and control over the property after the foreclosure and attempted to resell it to Burke. Since neither party was in actual physical possession of these small tracts of land, Covington's conduct in exercising dominion and control over the property after foreclosure disturbed Burke's possession.

■ We find no merit in Burke's crosspoint claiming exemplary damages found by the jury and it is overruled. A. L. Carter Lumber Co. v. Saide 140 Tex. 523, 168 S.W. 2d 629, (1943).

We have considered all points and find no merit in them. They are overruled.

The judgment is affirmed.