Jack **BOSWELL**, Appellant,

v.

Burton K. **HUGHES** and wife, **Freda Hughes**, Appellees.

No. 6280.

Court of Civil Appeals of Texas, El Paso.

Feb. 28, 1973.

Rehearing Denied March 21, 1973.

Fred C. Chandler, Sr., Pecos, for appellant.

A. R. Archer, Jr., Monahans, for appellees.

## OPINION

WARD, Justice.

This is a suit for cancellation of a trustee's deed, injunctive relief, and for actual and exemplary damages arising out of an alleged wrongful foreclosure of real estate. Trial was before a jury which awarded Burton K. Hughes, et ux., Plaintiffs-Appellees, damages against Jack Boswell, Defendant-Appellant. We affirm in part, and in part reverse and render.

The facts briefly stated reveal that Defendant sold Plaintiffs a home, retaining a second and subordinate vendor's lien additionally secured by deed of trust. The controversy arises over a payment Plaintiffs allege was made by check dated February 12, 1970 which was the monthly payment that would have been due on March 7, 1970. The check itself was introduced in evidence, which had not been cashed. Defendant claims that he never received it. By check dated March 14, 1970, Plaintiffs tendered the next monthly installment which would have been in payment for the monthly installment due April 7, 1970. By letter dated March 18, 1970, the Defendant returned the March check enclosed with a letter informing Plaintiffs that notices of foreclosure had already been posted by Defendant's attorney on March 9th and allowing them until April 3rd to pay the balance of the note in full together with delinquent interest and $210.06 attorney's fees. Plaintiffs claim that the February check was also returned with this same letter, but this the Defendant denies, insisting that he never received the February check. In any event, neither check was cashed. Plaintiffs' attorney on March 25, 1970, replied to the Defendant's letter and advised the Defendant that the Plaintiffs were not and had never been delinquent with their payments and offered to pay the Defendant the amount of the two installments that the Defendant claimed were past due in order to avert the foreclosure or litigation. The Defendant did not reply, and on April 7, 1970, the trustee sold Plaintiffs' home under the terms of the deed of trust, and executed a deed to the Defendant as the successful bidder at the sale, reciting in the trustee's deed that the Plaintiffs were in default. The Defendant then filed a forcible detainer suit to evict the Plaintiffs from the property which precipitated the filing of this suit to set aside the trustee's deed and seeking injunctive relief to enjoin the eviction proceedings and for damages.

The Plaintiffs alleged, in addition to their allegations for injunctive relief, that the acts of the Defendant were malicious and fraudulent in returning and refusing to accept the checks in payment of the monthly installments and the resulting foreclosure in an effort to deprive the Plaintiffs of their home. Plaintiffs prayed for damages for loss of income and for physical illness of Mrs. Hughes as a result of the alleged fraudulent foreclosure. The jury, in response to special issues, found that the Plaintiffs tendered the March payment by valid check prior to its due date; that the Defendant was actuated by malice in the foreclosure and awarded Plaintiffs $300.00 actual and $1,646.00 exemplary damages. The trial Court entered judgment for the Plaintiffs cancelling and setting aside the trustee's deed, perpetuating the temporary injunctive relief to prevent eviction, and awarding the Plaintiffs the actual and exemplary damages found by the jury.

The Defendant seeks reversal of the trial Court judgment and assigns four points of error, only one of which is briefed. Therefore, this Court, under Rules 418 and 422, Texas Rules of Civ.Proc., will consider only the one point. This point complains of the exemplary damages for the reason that there is no evidence of a tort committed by the Defendant.

The controlling case is that of A. L. Carter Lumber Co. v. Saide, 140

Tex. 523, 168 S.W.2d 629 (1943), where the general rule is recognized that exemplary damages cannot be recovered for a simple breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice. A comprehensive discussion of the general rule and the exceptions was made by Justice Pope in McDonough v. Zamora, 338 S.W.2d 507 (Tex. Civ.App.—San Antonio 1960, writ ref'd n. r. e.). He asserts that the cases which apply the correct rule are those in which punitive damages have been allowed, if, and only if, a distinct tort is alleged and proved independent of the contract action. There must be more than a malicious and oppressive breach of contract, for even an intentional breach of a contract is not punishable by punitive damages. This same rule is recognized in Covington v. Burke, 413 S.W. 2d 158 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.), where the jury found malice and exemplary damages in foreclosure. In the Covington case, the court had before it a fact situation where technically it was said that the mortgagee exercised dominion and control over the property and disturbed the mortgagor's possession after the wrongful foreclosure. Even there the exemplary damages were denied. All we have here is the trustee's sale and the filing of the forcible entry and detainer suit, and at this point the Defendant was enjoined. On these authorities, we can only conclude that the trial Court erred in awarding the exemplary damages.

The judgment of the trial Court is therefore affirmed as to the relief granted Plaintiffs in cancelling and setting aside the trustee's deed and the injunctive relief and the award of $300.00 actual damages, but is reversed and rendered in favor of the Defendant as to the award of $1,646.00 exemplary damages.

RAMSEY, Chief Judge (dissenting).

I respectfully dissent. In A. L. Carter Lumber Co. v. Saide, cited in the majority opinion, the Supreme Court, in denying exemplary damages, commented that "There was no evidence of abusive use of the extraordinary process of court, or of any other tortious conduct." Covington v. Burke, supra, summarily disposes of the exemplary damage point by citing A. L. Carter Lumber Co. v. Saide, supra. It should be noted that in each of those cases, the mortgagee had a basis for foreclosure, either for a delinquency in payment or for a breach of the mortgage covenants. In the case considered here, the question of delinquency was placed in issue which was found by the jury adversely to the Defendant, whereby Plaintiffs were current in their payments. Though we might prefer to assume that the Defendant was merely mistaken, the jury found that he was actuated by malice.

In the disposition of this appeal, the principal concern of this Court should be to determine whether or not the alleged breach is accompanied either by tortious conduct or abusive use of the extraordinary process of the courts. Plaintiffs' pleading alleged fraud and fraudulent conduct and malicious intent of the Defendant with resulting damages. The Defendant also pled malicious and fraudulent conduct on the part of the Plaintiffs in his cross-action and prayed for damages. It thus appears that all the parties, as well as the trial Court, treated the matter as a tort action insofar as their actions for damages were concerned. Briggs v. Rodriguez, 236 S.W. 2d 510 (Tex.Civ.App., writ ref'd n. r. e.).

In attempting to classify causes of action, the lines of delineation between tort and contract actions may become somewhat obscure, particularly when contractual relief as well as damages for tortious conduct are sought. In an effort to define a tort, it has been stated that the term "tort" has never been accurately defined and from its nature, the term may be incapable of exact definition. 55 Tex.Jur.2d, Sec. 1, p. 624. in 86 C.J.S. Torts § 40, p. 954, an actionable tort is defined as any intentional invasion of, or interference with, property, property rights, personal rights, or personal liberties

causing injury without just cause or excuse. This definition, though quite general in its terminology, has been cited in at least two opinions in this State, namely, Cooper v. Steen, 318 S.W.2d 750 (Tex.Civ. App. n. w. h.) and Marshall v. United Finance & Thrift Corporation of Dallas County, 347 S.W.2d 623 (Tex.Civ.App. n. w. h.). An action for damages based on fraud is an action sounding in tort for which exemplary damages may be recoverable. 26 Tex.Jur.2d, Sec. 136, p. 121.

For these reasons, I would affirm the judgment of the trial Court.