PEDERNALES ELECTRIC COOPERA-
TIVE, INC., and the Lower Colorado
River Authority, Appellants,

v.

Eric H. SCHULZ et al., Appellees.

No. 6071.

Court of Civil Appeals of Texas,
Waco.

June 7, 1979.

Rehearing Denied July 12, 1979.

Larry W. Wise and Tom Long, Long, Coleman, Dugger & Cotten, Austin, for appellants.

Charles Morris, Morris & Craven, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants PEC and LCRA from judgments against them for plaintiffs Eric and Kenneth Schulz in a personal injury case.

Plaintiffs Eric and Kenneth Schulz sued defendants PEC and LCRA for personal injuries sustained when the mast of a sailboat operated by Kenneth Schulz on Lake Travis, and in which Eric Schulz was a passenger, came in contact with a powerline owned by PEC, and engineered and maintained by LCRA.

Trial was to a jury which found:

1) The electric current carrying wire was maintained lower than it would have been maintained by one using ordinary care.

2) Such action was a proximate cause of the accident.

3) Such action was gross negligence.

10) thru 14) Plaintiff Kenneth Schulz was guilty of contributory negligence which was a proximate cause of the accident.

14) Eric Schulz's damages were:

a) $4000. past pain and mental anguish.

b) $1000. future pain and mental anguish.

c) $300. future medical expenses.

d) $4000. disfigurement.

15) Kenneth Schulz' damages were:

a) $500. past pain and mental anguish.

16) Kenneth Schulz' negligence was 45% cause of the occurrence. Defendants' negligence was 55% cause of the occurrence.

17) Awarded $4,900 exemplary damages to Eric Schulz.

18) Awarded $100 exemplary damages to Kenneth Schulz.

The trial court rendered judgment: for Eric Schulz against PEC and LCRA for $9,300; for Kenneth Schulz against PEC and LCRA for $275; for Eric Schulz against PEC for $4,900 exemplary damages; and for Kenneth Schulz against PEC for $55. exemplary damages.

Defendants appeal on 30 points.

Points 1 thru 5 assert the trial court erred in rendering judgment against PEC for exemplary damages for the reason that Article 2212a VATS has abolished gross negligence as a viable ground of recovery and has substituted therefor a comparison of negligence of all degrees between the parties.

Defendants note that the Supreme Courts of Wisconsin and New Jersey in *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105, and *Draney v. Bachman*, 138 N.J.Super. 503, 351 A.2d 409, pursuant to passage by Legislatures of those states of a comparative negligence law, abolished gross negligence, and urge this court to do the same for Texas.

Prior to September 1, 1973 a finding of contributory negligence barred recovery by a plaintiff of any recovery.

Article 2212a VATS, effective September 1, 1973 provides that contributory negligence shall not bar recovery in an action to recover damages for negligence resulting in death or injury if such negligence is not greater than the negligence of the defendant, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the party recovering.

The reasoning of the Wisconsin Supreme Court in *Bielski* was based on the concept of gross negligence as an ameliorative factor in avoiding the contributory negligence doctrine, i. e., contributory negligence did not bar recovery of damages for gross negligence in Wisconsin. The New Jersey Supreme Court in *Draney* states: "Solely insofar as our 'gross negligence' concept is concerned, we can agree with the resolution of the problem as discussed in *Bielski*".

In Texas the overriding policy consideration in the award of exemplary

damages is as a punishment for gross negligence as distinguished from compensation. *Bernal v. Seitt*, 158 Tex. 521, 313 S.W.2d 520; and a finding of contributory negligence on the part of a plaintiff barred recovery by him of recovery of exemplary damages from a defendant found grossly negligent prior to the passage of Article 2212a. *Schiller v. Rice*, 151 Tex. 116, 246 S.W.2d 607; and bars the proportionate part attributable to plaintiffs' contributory negligence since the passage of Article 2212a.

. The reasoning of *Bielski* and *Draney* have no application in Texas.

■ Moreover, had the Legislature desired to abolish the recovery of exemplary damages for gross negligence they could have expressly done so.

Points 1 thru 5 are overruled.

Points 6 thru 11 assert the trial court erred in rendering judgment against PEC for exemplary damages, (for gross negligence committed by LCRA), absent pleadings, evidence and findings that PEC authorized the "manner of the act" or "ratified or approved the act" insofar as the height of the wire is concerned.

The evidence is that PEC, owner of the powerline involved in the accident, had contracted with LCRA to engineer, supervise the construction of, and thereafter maintain the line. Pursuant to the Texas Tort Claims Act, Article 6252–19 Sec. 3, LCRA as a governmental entity is not subject to exemplary damages.

■ Punitive damages can properly be awarded against a master or other principal because of an act by an agent if the agent was employed in a managerial capacity and was acting in the scope of employment. *King v. McGuff*, 149 Tex. 432, 234 S.W.2d 403; *Fisher v. Carrousel Motor Hotel, Inc.*, Tex., 424 S.W.2d 627. From the evidence PEC contracted with LCRA to engineer, construct and maintain the electric lines in question. Clearly LCRA was PEC's agent employed in a managerial capacity, maintaining such line too low in the scope of employment, pursuant to the operating contract.

Points 6 thru 11 are overruled.

■ Points 12 thru 19 assert there is no evidence and/or insufficient evidence to support the finding of gross negligence and the findings of exemplary damages.

For years there have been sailboats on Lake Travis with higher masts than the Schulz boat. The offending wire was a 7200 volt wire that was dangerous. PEC owned wires on the lake maintained by LCRA which resulted in a fatal accident to a Mr. Wiesenbaker some four months prior to the Schulz accident; and resulted in serious injury to a Mr. Cornwell some three months prior to the Schulz accident. The General Manager of PEC testified he was on notice of both incidents and that the two incidents indicated there was a problem; that the two prior incidents indicated to him that some wires on Lake Travis should be checked out. The Manager of Systems Operations of LCRA testified that if wires were low enough to contact sailboats they were dangerous to the public, and that he was aware of the Wiesenbaker and Cornwell incidents as well as other occurrences, and that these prior incidents made him aware there was a dangerous situation on the lake. Another employee of LCRA testified it would have taken but two days to have raised the wire that the Schulz boat hit.

Under the rule of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, from the record as a whole, we think the evidence ample and sufficient to support the finding of gross negligence and the findings of exemplary damages.

Points 12 thru 19 are overruled.

■ Points 20 thru 27 assert the trial court erred in refusing its requested issue 1, because such issue presents a defense under Article 6252–19 (The Texas Tort Claims Act).

Defendants requested Issue 1 inquired "if maintaining the wire too low was proximately caused by the operation of motor-driven equipment used in connection with

the operation of floodgates or water release equipment".

Article 6252–19 provides in part:

"Sec. 3. Each unit of [the] government in the state shall be liable * * * for property damage or personal injuries or death when proximately caused by the negligence * * * of any officer or employee * * * arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment * * *, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant * * * ".

Defendants assert that the exception of motor-driven equipment used in connection with the operation of floodgates relieves them from liability. We reject the contention. The exception only applies to accidents arising from the operation of motor-driven equipment, and has no bearing on the cause of action created thereafter arising from the use of tangible property.

Plaintiffs cause of action is based on the use of tangible personal property, i. e., the electric wire.

Points 20 thru 27 are overruled.

Points 28 thru 30 assert there is no evidence and/or insufficient evidence to support recovery by Eric Schulz for disfigurement separate and apart from physical pain and mental anguish.

Proof of disfigurement was adduced at trial by the actual showing of the scar to the jury, and pictures of the scar are in the record before us. Dr. Spira testified that in his opinion the scar will remain about the same permanently. Disfigurement is an entity of damage separate from pain and mental anguish. *Houston Transit Co. v. Felder*, 146 Tex. 428, 208 S.W.2d 880; *Cezeaux v. Libby*, Tex.Civ.App. (Beaumont) NWH, 539 S.W.2d 187.

Points 28 thru 30 are overruled.

AFFIRMED.