SANTEX, INC., Appellant,

v.

Jesse L. CUNNINGHAM, Appellee.

No. 6202.

Court of Civil Appeals of Texas, Waco.

June 11, 1981.

Howard H. Hasting, Hasting & Hasting, San Antonio, for appellant.

David W. Rogers, San Antonio, for appellee.

## OPINION

JAMES, Justice.

This is a case involving an action brought under the provisions of Article 8307c, Vernon's Texas Civil Statutes. Plaintiff-Appellee Jesse L. Cunningham brought this suit against his former employer, Defendant-Appellant Santex, Inc., claiming that Santex discriminated against him (Cunningham) by discharging him because he filed a claim under the Worker's Compensation Act, and seeking damages pursuant to said statute. Trial was to a jury which found: (1) that the Defendant Santex discharged Plaintiff Cunningham because Plaintiff had in good faith filed a claim under the Texas Worker's Compensation Act; (2) that $2850.00 would fairly and reasonably compensate Plaintiff for his damages suffered as a result of his wrongful discharge; and (3) that Plaintiff Cunningham was discharged from employment by Santex because he failed to perform his work in a satisfactory manner.

After jury verdict the trial court entered judgment in favor of Plaintiff-Appellee Cunningham against Defendant-Appellant Santex in the amount of $2850.00 from which judgment Santex appeals. We affirm.

Santex appeals on nine points of error which may be conveniently grouped into five contentions as follows, to wit: (1) the trial court erred in refusing to submit Defendant-Appellant's Requested Special Issue No. 1, which would require the jury to find whether Plaintiff was discharged "solely" because he filed a Worker's Compensation Claim; (2) the trial court erred in allowing the jury to consider loss of future wages as an element of damages, for the stated reason that loss of future wages is not a proper measure of damages in view of the fact that Plaintiff was an employee at will and had no right to be employed for any definite period of time; (3) there is no evidence to support the jury's answer to Special Issue No. 1, wherein the jury found that Plaintiff had been discharged because he had in good faith filed a Worker's Compensation Claim; (4) that the jury's answer to Special Issue No. 1 is factually insufficient; and (5) that the jury's findings in answer to the special issues are in "hopeless conflict." We overrule all of Defendant-Appellant's points and contentions and affirm the trial court's judgment.

We revert to Appellant's first contention. Defendant's Requested Special Issue No. 1 reads as follows:

"Do you find from a preponderance of the evidence that Jesse Cunningham was discharged from employment with (Defendant) *solely* because he instituted a proceeding under the Texas Workmen's Compensation Act?" (emphasis supplied).

The trial court refused to submit the foregoing requested special issue but instead submitted the following special issue as No. 1:

"Do you find from a preponderance of the evidence that the Defendant Santex, Inc., discharged Jesse L. Cunningham because Jesse L. Cunningham had, in good faith, filed a claim under the Texas Worker's Compensation Act?"

Appellant's argument as we understand it is that Plaintiff does not have a cause of action for damages under Article 8307c unless he can establish that he was discharged from employment "solely" because he filed a claim in good faith under the Worker's Compensation Act; that if he was discharged for any other reason (such as for unsatisfactory performance of duties, as the jury found in answer to Special Issue No. 3), that Plaintiff would not be entitled to recover any damages. In other words, Appellant says that Plaintiff-Appellee has not established a case of "discrimination"

perpetrated upon him by his employer unless he establishes that he was discharged "solely" because he filed a claim under the Worker's Compensation Act. We do not agree.

Article 8307c reads as follows:

"Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

"Section 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

"Section 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act."

■ We do not agree with Defendant-Appellant that Plaintiff-Appellee has the burden of establishing that he was discharged "solely" because he took steps to collect Worker's Compensation benefits. In our opinion such a construction reads something into the statute that is not there. We believe that the clear intent of the statute is that an employer may not use the filing of a Worker's Compensation claim as a reason to discharge or otherwise discriminate against an employee even if there are other reasons. Appellant contends that the employee has not established the essential element of discrimination unless he establishes that he (the employee) was discharged solely because he took steps to collect Worker's Compensation benefits. We cannot see the validity of this argument because the statute says: "No person may discharge or in *any other manner* discriminate against any employee _____." By the use of these words the Legislature obviously meant that

the "discharging" of an employee was a "manner of discrimination" against such employee. Appellant's first contention is overruled.

■ Appellant next asserts that the trial court erred in allowing the jury to consider loss of future wages as an element of damages, contending thereby that this is an improper measure of damages because Plaintiff Cunningham was an employee at will and had no right to be employed for any definite period of time. This argument has been laid to rest by our Supreme Court in *Carnation Co. v. Borner* (Tex.1980) 610 S.W.2d 450, wherein it was held involving an employee at will that under Article 8307c such employee may recover for the loss of wages in the future, retirement, and other benefits which are ascertainable with reasonable certainty and are the result of wrongful discharge. Also see *Texas Steel Co. v. Douglas* (Fort Worth CA 1976) 533 S.W.2d 111, NRE, where future damages were awarded under Article 8307c.

■ Appellant further contends that the evidence is legally and factually insufficient to support the jury's answer to Special Issue No. 1, wherein the jury found that Plaintiff had been discharged because he had in good faith filed a Worker's Compensation claim. We are of the opinion that the evidence is ample in this record to support the jury's finding in connection with this special issue.

On October 14, 1976, Joe Rogers, the service manager of Santex, Inc., employed Plaintiff-Appellee Jesse L. Cunningham as a porter at $3.00 per hour to wash cars, clean the shop, take customers home and do other odd jobs. Such employment was for an unstated or indefinite period of time. On August 9, 1977, while driving a customer home, Cunningham was rear-ended when he stopped for a red light. He returned to work the same day and did not complain of any injury. Afterwards, the service manager advised Cunningham to go to a doctor, which Cunningham did on September 20, 1977. He did not return thereafter to work until October 25, 1977. During the time he was off the job, Cunningham on October 12,

1977, filed a claim under the Texas Worker's Compensation Act. When he returned to work, he appeared to be all right physically, so Rogers put him back to work, and he worked regularly thereafter. During those times Rogers and Cunningham discussed the claim, in which discussions Rogers criticized Cunningham for filing the Worker's Compensation claim. More specifically, Rogers told Cunningham that he ought to try to collect damages from the insurance carrier of the party who rear-ended Cunningham.

Rogers testified that when Cunningham was first employed that he was an efficient worker, but that as time went on he shirked his work more and more. However, during this time Rogers raised Cunningham's pay twice, the first time to $3.50 per hour and the second time to $4.00 per hour.

Cunningham was making $4.00 per hour at the time of the pre-hearing conference on his Worker's Compensation claim, which conference was held on May 10, 1978. Present at this hearing before the representative of the Industrial Accident Board were Cunningham, his attorney, and Mr. Charles Craven, the president of Santex, and a Mr. Calvert, the insurance adjuster for the Appellant's Worker's Compensation. After a brief hearing, the hearing examiner of the Industrial Accident Board awarded Cunningham $1073.51 in addition to the benefits that had previously been paid to Cunningham. At this point, Mr. Craven, the president of Santex, became openly angry and upset toward Cunningham, his attorney, and the representative of the Industrial Accident Board.

On May 11, 1978, the day after the pre-hearing conference, a second porter was hired to assist Cunningham. On May 19, 1978, Cunningham's pay was reduced to $3.50 per hour. On May 30, 1978, Mr. Rogers, the service manager, discharged Cunningham allegedly because his work was not satisfactory.

Thereafter, Cunningham was out of work for two weeks, during which time he said he was looking for a job, after which two weeks he was employed by Goodyear Tire and Rubber Company at $2.75 per hour to do porter work. In March 1979 he accepted a job with a Pontiac dealer at $3.00 per hour. Thereafter, Cunningham filed this suit. We believe the jury had the right to infer and find from the above evidence that Cunningham was discharged because he had in good faith filed a claim under the Worker's Compensation Act.

Finally, Appellant contends that the jury's findings are in "hopeless conflict," because in answer to Special Issue No. 1 the jury found that Cunningham was discharged because he filed the Worker's Compensation claim, whereas in answer to Special Issue No. 3 the jury found that he was discharged because he failed to perform his work in a satisfactory manner. We overrule this contention for the reasons hereinabove stated, because under our view of the case we have held that the employee has a cause of action if he is discharged because he filed a Worker's Compensation claim, even though this was not the only reason for such discharge.

Judgment of the trial court is affirmed.

AFFIRMED.