Terry L. NELSON, Plaintiff–Appellant,

v.

CENTRAL ILLINOIS LIGHT COMPANY, Defendant–Appellee.

No. 87–1039.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 1, 1988.

Decided June 20, 1989.

Alexandra de saint Phalle, Londrigan, Potter & Randle, P.C., Roger Ryan, Springfield, Ill., for plaintiff-appellant.

J. Reed Roesler, Keck, Mahin & Cate, William L. Kasley, Cen. Illinois Light Co., Peoria, Ill., for defendant-appellee.

Before WOOD, Jr., RIPPLE, and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

The plaintiff-appellant, Terry L. Nelson, filed a complaint in state court alleging that he had been discharged from his job in retaliation for having filed a claim under the Illinois Workers' Compensation Act. Ill. Rev.Stat. ch. 48, paras. 138.1–138.30. The defendant-appellee, Central Illinois Light Company (CILCO), filed a petition for removal to federal court and then filed a motion to dismiss. The case was referred to a magistrate who recommended that the case could properly be removed to federal court, as preempted by section 301 of the Labor Management Relations Act of 1947

(LMRA), 29 U.S.C. § 185(a),[1] and then dismissed for failure to exhaust the grievance remedies of the collective bargaining agreement. R.35 at 15. The district court adopted the magistrate's recommendation and the plaintiff now appeals. In light of the Supreme Court's recent decision, *Lingle v. Norge Division of Magic Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), we reverse the district court's decision and remand the case to the district court with instructions to remand to state court.

## I.

### Background

Mr. Nelson is a resident of Sangamon County, Illinois. The defendant, CILCO, is an Illinois corporation and an employer covered by the Illinois Workers' Compensation Act. R. 34 at 1. At all times relevant to this action, Mr. Nelson was a journeyman lineman for CILCO and a member of Local 51, International Brotherhood of Electrical Workers (the Union). *Id.* at 2. The terms and conditions of CILCO's lineman positions were covered by a collective bargaining agreement between the Union and CILCO. R.5 at Ex. A & C.

Mr. Nelson injured his lower back on February 26, 1982 in a work-related accident. In connection with this accident, on December 22, 1982, he filed a claim for compensation under the Illinois Workers' Compensation Act. Mr. Nelson alleges

that, on March 16, 1984, he was wrongfully discharged by CILCO. R.34 at 3.

On April 9, 1985, Mr. Nelson filed a complaint against CILCO in the Circuit Court for Sangamon County. He alleged that the company willfully had engaged in a course of conduct to discharge him wrongfully for exercising the rights granted to him under the Illinois Workers' Compensation Act.[2] On May 13, 1985, CILCO filed a petition to remove this action to the United States District Court for the Central District of Illinois. In its removal petition, CILCO submitted that the resolution of Mr. Nelson's claim was "substantially dependent upon an analysis of the terms of the [collective bargaining agreement]," R.3 at 2, and therefore removable. *See* 28 U.S.C. §§ 1441 and 1446. Before the district court, CILCO moved for dismissal for failure to state a claim.

On June 28, 1985, the plaintiff filed an amended complaint. He specifically alleged that

CILCO has willfully engaged in a course of conduct designed to interfere with, restrain, coerce, discriminate against and wrongfully discharge TERRY L. NELSON for the exercise of the rights and remedies granted him by the Illinois Worker's Compensation Act in that:

(a) CILCO has threatened to discharge TERRY L. NELSON from his employment with CILCO because of the exercise of his rights and remedies granted

---

1. Section 185(a) of Title 29 of the United States Code provides:

   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties....

2. The plaintiff relied on the following sections of the Illinois Workers' Compensation Act:

   It shall be unlawful for an[y] employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to dis-

criminate against any employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act. [Ill.Rev.Stat. ch. 48, para. 138.4(h) (1983) ].

... The employer shall also pay for treatment, instruction and training necessary for the physical, mental, and vocational rehabilitation of the employee, including all maintenance costs and expenses incidental thereto.... [Ill.Rev.Stat. ch. 48, para. 138.8(a) (1983) ].

him by the Illinois Worker's Compensation Act.

(b) That on March 16, 1984, CILCO wrongfully discharged TERRY L. NELSON because of the exercise of his rights or remedies granted to him by the Worker's Compensation Act.

(c) CILCO has refused and failed to supply Plaintiff, TERRY L. NELSON with vocational rehabilitation benefits as required by the Illinois Worker's Compensation Act despite repeated requests that it do so.

R. 34 at 3. CILCO moved to dismiss.

The case eventually was referred to a magistrate.[3] The magistrate, analyzing the claim under the artful pleading exception to the well-pleaded complaint rule,[4] concluded that removal on the ground that the claim arose under section 301 of the LMRA was appropriate. R.35 at 6. He further recommended dismissal of the action because Mr. Nelson's complaint did not state a cause of action for which relief could be granted; there was no allegation that the plaintiff had exhausted the grievance procedures of the collective bargaining agreement. *Id.* at 15. The district court adopted the magistrate's recommendation and, on October 29, 1986, entered an order dismissing the action. Of course, all of these rulings antedated the holding of the Supreme Court in *Lingle v. Norge Division of Magic Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

## II.

### Analysis

■ On appeal, we must decide whether Mr. Nelson's retaliatory discharge claim is preempted by section 301 of the LMRA. If his claim is preempted, then it was properly removed to the district court.

### A. *The Submissions of the Parties*

Mr. Nelson alleges that he was fired in retaliation for filing a workers' compensation claim. He submits, therefore, that this case is controlled by the Supreme Court's decision in *Lingle*. In his view, a proper application of *Lingle* requires that his claim be considered one arising under state law and not subject to preemption under section 301. Consequently, he submits that the case ought to be remanded to state court. In reply, CILCO acknowledges, as it must, the relevancy of the Supreme Court's decision in *Lingle*. Nevertheless, it submits that there are important differences between this case and *Lingle* that mandate a different result. It submits that, unlike the collective bargaining agreement in *Lingle*, the contract at issue here expressly covers workers' compensation matters. Moreover, CILCO continues, the scope of the grievance and arbitration provision contained in the collective bargaining agreement—providing for the arbitration of any claim—requires that determination of Mr. Nelson's claim "cannot be conceptually disentangled from the specific language of the labor contract." Appellee's Statement of Position at 3. Finally, CILCO submits that adjudication of Mr. Nelson's retaliatory discharge claim would necessarily require a determination of CILCO's defense, grounded in the language of the collective bargaining agreement, that Mr. Nelson was not physically fit for return to work and was not eligible for vocational rehabilitation benefits.

### B. *The Mandate of* Lingle

#### 1.

Our disposition of this case must be governed by the Supreme Court's holding in

---

R.34 at 1–2.

3. On August 30, 1985, the district court dismissed the action when Mr. Nelson failed to file responsive pleadings within the eight-day period set by local rule. The case was then reopened on December 23, 1985, on the plaintiff's motion to vacate the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

4. The "well-pleaded complaint rule" provides that federal question jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). As the Supreme Court has explained, "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429.

*Lingle.* The mandate of *Lingle* is straightforward: "an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective bargaining agreement." 108 S.Ct. at 1885. As we have noted recently in *Douglas v. American Information Technologies Corp.*, 877 F.2d 565, 569 (7th Cir.1989) (footnote omitted):

This approach is straightforward because the policy concern requiring preemption in the section 301 context is also straightforward. Federal labor policy mandates that uniform federal law be the basis for interpreting collective bargaining agreements. This policy reduces the possibility "that individual contract terms might have different meanings under state and federal law." *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962). Conflicting interpretations of contract terms "would inevitably exert a disruptive influence" on the collective bargaining process. *Id.*

However, as we also noted in *Douglas:*

[F]ederal labor policy does not prevent states from providing workers with substantive rights independent of the collective bargaining relationship. *See Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 105 S.Ct. 1904, 1911–12, 85 L.Ed.2d 206 (1985). Indeed, in *Lingle,* the Court made it clear that, so long as a state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for the purposes of section 301. 108 S.Ct. at 1883. Thus, "§ 301 preempts state law only insofar as resolution of the state-law claim requires the interpretation of a collective-bargaining agreement." *Id.* at 1883 n. 8. The mere fact that the state-law analysis might require the state court to focus on the same facts that would control resolution of an employee's contractual remedy is not enough to require preemption of the state-law claim. *Id.* at 1883. If adjudication of the state-law claim does not require a court to interpret any term of a collective bargaining agreement, then that state-law claim is not preempted by section 301. *See id.* at 1881–82 (analysis of the elements of Illinois tort of retaliatory discharge does not require court to interpret collective bargaining agreement).

*Douglas,* at 569–70 (footnotes omitted).

### 2.

Our next step must be to analyze the elements of the state-based cause of action for retaliatory discharge [5] so that we may later determine whether adjudication of such a claim would require an interpretation of the collective bargaining agreement. As we recently pointed out in *Bettis v. Oscar Mayer Foods Corp.*, No. 87–2901, 878 F.2d 192, 196 (7th Cir.1989), our task is quite easy because the Supreme Court dealt with the same cause of action in *Lingle.* " '[T]o show retaliatory discharge, [Mr. Nelson] must set forth sufficient facts from which it can be inferred that (1) he was discharged or threatened with discharge and (2) [CILCO'S] motive in discharging or threatening to discharge him was to deter him from exercising his rights under the Act or to interfere with his exercise of those rights.' " *Lingle,* 108 S.Ct. at 1882 (quoting *Horton v. Miller Chem. Co.,* 776 F.2d 1351, 1356 (7th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986)). Mr. Nelson alleged that he was discharged from his position. R. 34 at 3. This allegation satisfies the first element of the Illinois tort of retaliatory discharge. The second element is also satisfied because Mr. Nelson alleges

---

**5.** It is well established that discharge in retaliation for exercising rights under the workers' compensation laws is actionable in Illinois. *See Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). The cause of action applies to both at-will employees and those covered by union contracts. *Midgett v. Sackett-* *Chicago, Inc.,* 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984), *cert. denied,* 474 U.S. 909, 106 S.Ct. 278, 88 L.Ed.2d 243 (1985); *Gonzalez v. Prestress Eng'g Corp.,* 115 Ill.2d 1, 104 Ill.Dec. 751, 752, 503 N.E.2d 308, 309 (1986), *cert. denied,* 483 U.S. 1032, 107 S.Ct. 3248, 97 L.Ed.2d 779 (1987).

that CILCO's actions were done to retaliate against him for exercising his rights under the Illinois Workers' Compensation Act. *Id.*

As we pointed out in *Bettis,* the Supreme Court expressly held in *Lingle* that these elements can be evaluated without interpreting the collective bargaining agreement. The Court viewed the retaliatory discharge claim as presenting

> purely factual questions [that pertain] to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements requires a court to interpret any term of a collective-bargaining agreement.... Thus, the state-law remedy in this case is "independent" of the collective-bargaining agreement in the sense of "independent" that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement.

108 S.Ct. at 1882 (footnote omitted). The Supreme Court of Illinois has established that a claim for retaliatory discharge

> exists independent of any privately negotiated contract rights or duties.... It bears noting that even if the labor contract covering [the employee] recited the rights and obligations arising under the Workers' Compensation Act and expressly provided that a discharge in contravention of the Act was without "just cause," the claim[ ] would still fall entirely outside the preemptive sphere of section 301. Neither an employer nor a union can strip an employee of the protections of Illinois law by merely restating the rights and obligations that arise thereunder in a private labor agreement.

*Gonzalez v. Prestress Eng'g Corp.,* 115 Ill.2d 1, 104 Ill.Dec. 751, 756, 503 N.E.2d 308, 313 (1986), *cert. denied,* 483 U.S. 1032, 107 S.Ct. 3248, 97 L.Ed.2d 779 (1987).

### 3.

■ This approach is not altered by CILCO's assertion that the collective bargaining agreement at issue here expressly addresses workers' compensation matters. In *Lingle,* the Supreme Court pointedly acknowledged that "state-law analysis might well involve attention to the same factual considerations as the contractual determination." 108 S.Ct. at 1883. However, said the Court, it did not follow "that such parallelism renders the state-law analysis dependent upon the contractual analysis." *Id.* While the Court acknowledged that other preemption doctrines might preempt state law on the basis of subject matter, *see Lingle,* 108 S.Ct. at 1883 n. 8 (discussing *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 749, 105 S.Ct. 2380, 2394, 85 L.Ed.2d 728 (1985), and *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)), "§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." 108 S.Ct. at 1883. Therefore, the possibility that the subject matter of the state-law claim might also be the subject of a dispute resolution proceeding does not, of itself, give rise to section 301 pre-emption.

■ Nor can we accept CILCO's suggestion that the possibility of a defense based on the collective bargaining agreement is sufficient to preempt the state-law claim. As the Supreme Court pointed out in *Lingle,* the court's task is complete in a retaliatory discharge case when it determines, as a factual matter, whether the employer's motivation for the discharge was the employee's filing of a workers' compensation claim or some other motive. "If it determines that the motive was something other than the filing of a workers' compensation claim, it need not also determine whether the other motive was a legitimate one. It must simply determine whether such a motive exists—not whether, as a matter of law, the collective bargaining agreement justifies such a motive." *Bettis,* at 197. The well-pleaded complaint rule "makes the plaintiff the master of the claim." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The defendant may not destroy the state-law character of the plaintiff's suit

merely by raising a legal defense based on federal law. *Id.* at 393, 398–99, 107 S.Ct. at 2430, 2433.

### Conclusion

Mr. Nelson has alleged a state cause of action that can be adjudicated without an interpretation of the collective bargaining agreement. Accordingly, it is not preempted by section 301. Therefore, the judgment of the district court is reversed and the case is remanded for further proceedings in conformity with this opinion.

IT IS SO ORDERED.