INTERNATIONAL UNION et
al., Petitioners,

v.

JOHNSON CONTROLS, INC. &
American Motorists Insurance
Company, Respondents.

No. C–8742.

Supreme Court of Texas.

March 7, 1990.

Rehearing Overruled April 25, 1990.

Dale B. Tillery, Dallas, for petitioners.

Lancaster Smith, Sr., Dallas, Harvey L. Davis, Austin, Robert G. Mebus, Jonathan C. Wilson, Dallas, for respondents.

PER CURIAM.

Robert Sullivent filed suit against his employer, Johnson Controls, Inc. (Johnson), for wrongful discharge under the Texas Workers' Compensation Act, Tex.Rev.Civ. Stat.Ann. art. 8307c (Vernon Supp.1990). The trial court granted summary judgment in favor of Johnson. Sullivent appealed, arguing that the granting of summary judgment was incorrect because Johnson tortiously interfered with Sullivent's rights under the Texas Workers' Compensation Act and violated article 8307c of that act.

Meanwhile, Sullivent's union, the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), initiated grievance arbitration with Johnson to determine if termination of Sullivent's employment constituted a breach of the collective bargaining agreement between Johnson and the UAW. A final arbitration award was issued in favor of Johnson.

Johnson filed a motion to dismiss Sullivent's appeal. Relying on *Thompson v. Monsanto Co.*, 559 S.W.2d 873, 876 (Tex. Civ.App.—Houston [14th Dist.] 1977, no writ), Johnson alleged that the arbitration decision in favor of Johnson preempts an action under the Texas Workers' Compensation Act. The court of appeals granted the motion and dismissed the appeal.

We disapprove of the holding in *Monsanto* because it is in conflict with *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and *Ruiz v. Miller Curtain Co.*, 702 S.W.2d 183 (Tex.1985). In *Lingle,* the United States Supreme Court held that state causes of action concerning labor disputes are permissible as long as such suits do not involve the interpretation of collective bargaining agreements, which is a matter exclusively for the federal courts. *Lingle*, 486 U.S. at 411, 108 S.Ct. at 1884, 100 L.Ed.2d at 422. In *Ruiz*, this court held that federal law does not preempt a cause of action under article 8307c of the Texas Workers' Compensation Act. *Ruiz*, 702 S.W.2d at 185. Therefore, Sullivent's action under the Texas Workers' Compensation Act is not preempted by the arbitration decision.

Accordingly, we grant the application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to

that court for consideration of the points of error raised by Sullivent.