**William JONES, Plaintiff–Appellant,**

v.

**ROADWAY EXPRESS, INC., Defendant–Appellee.**

**No. 90–5606.**

United States Court of Appeals, Fifth Circuit.

July 16, 1991.

---

**790**

Larry R. Daves, San Antonio, Tex., for plaintiff-appellant.

Shelton E. Padgett, Kris J. Bird, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Tex., for defendant-appellee.

## ON PETITION FOR REHEARING

Before BROWN, JOHNSON, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

The petition for rehearing of defendant-appellee Roadway Express, Inc. is DENIED.

In urging us to grant a rehearing, Roadway contends that this court misconstrued and misapplied the holding in *International Union v. Johnson Controls, Inc.*, 786 S.W.2d 265 (Tex.1990). As Roadway correctly states, the Texas Supreme Court disapproved, solely on preemption grounds, of the holding in *Thompson v. Monsanto Co.*, 559 S.W.2d 873 (Tex.Civ.App.1977), that a final decision in arbitration conducted under a collective-bargaining agreement (CBA) bars a later action pursuant to article 8307c of the revised civil statutes of the State of Texas. *See Johnson Controls*, 786 S.W.2d at 265. Nowhere in its analysis did the court in *Johnson Controls* discuss the election-of-remedies doctrine, upon which, claims Roadway, the decision in *Monsanto* also depends. Moreover, claims Roadway, "three Texas Supreme Court decisions have recognized the Election of Remedies Doctrine enunciated in *Monsanto*." *See Richards v. Hughes Tool Co.*, 615 S.W.2d 196 (Tex.1981); *Spainhouer v.*

*Western Elec. Co.*, 615 S.W.2d 190 (Tex.1981); *Carnation Co. v. Borner*, 610 S.W.2d 450 (Tex.1980).

Roadway mischaracterizes *Monsanto* as in part an election-of-remedies case. That doctrine was not at issue in *Monsanto*, because the defendant neither pleaded nor relied upon election of remedies, which is "an affirmative defense that must be pleaded." *See Guy James Constr. Co. v. Trinity Industries, Inc.*, 644 F.2d 525, 530 (5th Cir. Unit A May 1981) (citing, inter alia, *Bradley v. Straus–Frank Co.*, 414 S.W.2d 504, 510 (Tex.Civ.App.1967, ref'd n.r.e.)); *Lang v. Lee*, 777 S.W.2d 158, 165 (Tex.App. 1989). Instead, the defendant pleaded the "affirmative defense of final arbitration"; and the court of civil appeals ruled that the trial court had correctly found for the defendant based on that defense. *Monsanto*, 559 S.W.2d at 877.[1]

In support of its holding in *Monsanto* that a final ruling in arbitration deprived an employee of a remedy under article 8307c, the court analyzed the reasons why federal law preempts claims that depend on an interpretation of a CBA for their resolution. If the doctrine of election of remedies had been an issue in *Monsanto*, it would have generated a concomitant explanation or analysis. *See Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex. 1980) (citing *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869 (Tex. 1973)). No such explanation or analysis appears in *Monsanto*. Finally, because election of remedies was not an issue in *Monsanto*, we reject Roadway's contention that in *Richards*, *Spainhouer*, and *Carnation Co.*, the Texas Supreme Court "recognized the Doctrine of Election of Remedies enunciated in *Monsanto*." In those decisions, the court distinguished *Monsanto* as a case in which arbitration had resulted in a final binding decision, whereas in the three cases before that court no such decision had resulted.

---

1. Roadway distinguished the affirmative defenses of election of remedies and arbitration and award. In its initial Answer to Jones' Complaint, Roadway included among its affirmative defenses arbitration and award, but not election of remedies. It added the latter defense to the affirmative defenses that it had previously asserted in its Amended Answer to Plaintiff's First Amended Complaint.

Even were we to agree that *Monsanto* depends in part on the doctrine of election of remedies for its holding, we are not convinced that the Texas Supreme Court would now follow it. That court has not yet directly addressed whether arbitration under a CBA which results in a final ruling deprives an employee of a remedy under article 8307c. Neither, however, has the Texas Supreme Court expressly overruled *Monsanto*. But in every case since *Monsanto* in which it has addressed related issues, the Texas Supreme Court has ruled against the policy of enforcing arbitration as the exclusive remedy. *See Carnation*, 610 S.W.2d 450; *Spainhouer*, 615 S.W.2d 190; *Richards*, 615 S.W.2d 196. Indeed, it has held that arbitration conducted under a CBA which does not result in a final and binding decision does not bar a subsequent article 8307c action. *Carnation*, 610 S.W.2d 450. *Richards, Spainhouer,* and *Carnation* indicate that *Monsanto* is unlikely to be followed. *See also Peabody Galion v. Dollar*, 666 F.2d 1309, 1324 (10th Cir.1981) (*Monsanto* not likely to be followed because Texas Supreme Court is adopting increasingly opposite position). Furthermore, as we stated in our original opinion, the Texas Supreme Court's recent explicit disapproval, in *Johnson Controls*, 786 S.W.2d 265, of the holding in *Monsanto* only further convinces us that the court is unlikely to follow *Monsanto* in barring subsequent article 8307c suits after a final decision has issued in arbitration. Although it was not addressing an election-of-remedies issue, that court once again refused to recognize arbitration as the exclusive remedy. *Johnson Controls*, 786 S.W.2d at 265.

*Preemption*

■ In seeking a rehearing, Roadway claims that, by holding Jones' article 8307c claim not to be preempted, we failed to apply to Jones' deposition testimony the principles enunciated in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). In his deposition testimony, Jones, claims Roadway, "explicitly states that the basis

for his Article 8307c claim expressly involves a misinterpretation of a provision of the collective bargaining agreement...." We did not find such an explicit statement. The testimony cited by Roadway refers to provisions in the CBA which Roadway claims justify Jones' dismissal. As our original opinion explained, however, Roadway may have fired Jones for employment reasons which the CBA justified. But if it also fired him in anticipation of his filing a workers' compensation claim, Jones can recover damages. *See Azar Nut Co. v. Caille*, 720 S.W.2d 685, 687 (Tex.Civ.App.1986) (citing *Santex, Inc. v. Cunningham*, 618 S.W.2d 557 (Tex.Civ.App.1981)), *aff'd*, 734 S.W.2d 667 (Tex.1987).

■ Moreover, the United States Supreme Court in *Lingle* acknowledged that "state-law analysis might well involve attention to the same factual considerations as the contractual determination...." *Lingle*, 486 U.S. at 408, 108 S.Ct. at 1883, 100 L.Ed.2d at 420. But "such parallelism," stated the Court, does not "render[ ] the state-law analysis dependent upon the contractual analysis." *Id.* Section 301 preemption does not arise merely because the subject matter of the state-law claim is also the subject of a dispute resolution proceeding. *See Nelson v. Central Illinois Light Co.*, 878 F.2d 198, 202 (7th Cir. 1989). A final decision in arbitration precludes only a suit involving interpretation of the CBA. "[Section] 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." *Lingle*, 486 U.S. at 409, 108 S.Ct. at 1883, 100 L.Ed.2d at 420–21. In this instance, as we stated in our original opinion, determining whether Roadway illegally discharged Jones does not require interpretation of the CBA.

Roadway also claims that, because it relies for its defense on the CBA, Jones' article 8307c claims is preempted. In a retaliatory discharge case, "[a]s the Supreme Court pointed out in *Lingle*, the

court's task is complete ... when it determines, as a factual matter, whether the employer's motivation for the discharge was the employee's filing of a worker's compensation claim or some other motive." *Nelson,* 878 F.2d at 202. If it determines that retaliation was not a motive, it does not need to determine whether other motives were legitimate or whether the CBA justified them. *See Bettis v. Oscar Mayer Foods Corp.,* 878 F.2d 192, 197 (7th Cir. 1989).

Roadway contends that our decision conflicts with the decision of this court in *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250 (5th Cir.1990). We see no conflict. In *Brown* we determined that the discharged employee's claim of intentional infliction of emotional distress was essentially a claim that, in terminating Brown while he was absent from work on doctor's orders, his employer did not have just cause under the CBA for discharging him. *Brown,* 901 F.2d at 1255. Because Brown's claim, therefore, required interpretation of the CBA, it was preempted. *Id.* at 1255–56.

Jones, however, is alleging retaliatory discharge, not intentional infliction of emotional distress. In "the typical case" involving a retaliatory discharge, such a claim can be resolved, as the Supreme Court noted in *Lingle,* "without interpreting the 'just cause' language of a collective-bargaining agreement." *Lingle,* 486 U.S. at 413, 108 S.Ct. at 1885, 100 L.Ed.2d at 423. Because Jones' retaliatory discharge claim is not, for the reasons stated in our earlier opinion, "inextricably intertwined" with the CBA and does not depend for its resolution upon the 'just cause' provision of the CBA, it is not preempted. Furthermore, federal law would not preempt Jones' article 8307c claim even if Roadway had just cause under the CBA for dismissing Jones, if it also had a motive for dismissing him that was illegal under article 8307c. *See Santex,* 618 S.W.2d at 558–59.

Finally, we note that our decision is consistent with those in other circuits which have held that section 301 does not preempt retaliatory discharge claims under statutes similar to article 8307c. *See, e.g., Marshall v. TRW, Inc., Reda Pump Division,* 900 F.2d 1517 (10th Cir.1990); *Nelson,* 878 F.2d 198.

*Remand*

■ We instructed the district court to vacate its judgment and remand the case to state court because only a state-law claim remained and because Congress had declared its intent that workers' compensation suits should be resolved in state court whenever possible. S.Rep. No. 1830, 85th Cong., 2nd. Sess., *reprinted in* 1958 U.S. Code Cong. & Admin.News 3099, 3103–06. As we stated in our original opinion, the issue before us was not whether Roadway had properly *removed* the case initially. Instead, the issue was whether to *remand* the case to state court when only a state-law claim remained. The Supreme Court has held that, under the doctrine of pendent jurisdiction, a federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In deciding to remand the case, we relied heavily on the fact that Congress had enacted a statute, 28 U.S.C. § 1445(c), barring the removal from state court of an action arising under the workers' compensation laws of that state. Congress clearly intended that state courts should resolve workers' compensation suits. Though Congress expressed its intent in the context of removal, we believe that in the remand context now before us—when only a pendent state-law claim remains—that intent merits no lesser consideration. Given the discretion vested in the court to remand pendent state-law claims to state court, we believe that the intent of Congress—that, whenever feasible, state workers' compensation claims be resolved in state court—favors remand to state court. We take additional comfort from knowing that this case was dismissed at the summary judgment stage of the proceedings.