Mark UMPHREY, Plaintiff,

v.

**FINA OIL & CHEMICAL COMPANY,
Defendant.**

No. 1:94–CV–696.

United States District Court,
E.D. Texas,
Beaumont Division.

March 27, 1995.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, for plaintiff.

Durwood Douglas Crawford, Goins Underkofler Crawford & Landon, Dallas, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff Mark Umphrey (Umphrey) filed his original petition in the 58th Judicial District Court of Jefferson County, Texas, alleging that Fina Oil & Chemical Company (Fina) violated certain provisions of the Texas Labor Code prohibiting discrimination or discharge of employees who pursue worker's compensation claims. Fina removed the case to this court by alleging that the claims brought by Umphrey will involve this court's interpretation of a collective bargaining agreement and, therefore, is preempted by section 301 of the Labor Management Relations Act (LMRA). This court disagrees and finds that Umphrey's claims arise from a company letter that is not part of the collective bargaining agreement (CBA) and requires no interpretation of the CBA. Consequently, section 301 preemption does not apply and this case is remanded to state court.

## BACKGROUND

Umphrey contends that he was injured while working for Fina in 1989 and 1991. These injuries forced Umphrey to file a workers' compensation claim. After the settlement of the workers' compensation claim in 1994, Umphrey returned to work. Umphrey maintains that the continuing medical treatment required by the 1989 and 1991 injuries forced him to be absent from work.

Umphrey's claim arises from his receipt of a "letter of concern" from Fina in connection with his history of absenteeism. Umphrey's sole cause of action alleges that Fina violated section 8307c of the Texas Workers' Compensation Act and that sending this type of letter constitutes discrimination under section 8307.[1]

Umphrey filed his original petition in the 58th Judicial District Court of Jefferson County, Texas and defendant Fina removed the case to this court. Fina removed on the grounds that an adjudication of plaintiff's claim requires an interpretation of the Management Rights provision of the Collective Bargaining Agreement. Defendant contends that this case is removable under 28 U.S.C. section 1441 and 1446; and that this court has jurisdiction pursuant to 29 U.S.C. section 185.

---

1. Article 8307c has been recodified as Tex.Labor Code Ann. section 451.001. This section provides, in relevant part:

A person may not discharge or in any manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim;
(2) hired a lawyer to represent the employee in a claim;

Tex.Labor Code Ann. § 451.001.

## ANALYSIS

The sole issue before this court is whether plaintiff's well pleaded complaint raises issues "arising under the Constitution, laws, or treaties of the United States" that entitle the defendants to remove the case to federal court. *See* 28 U.S.C. §§ 1331, 1441(a).[2]

■ Section 1331 provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Significant federalism concerns require this court to strictly construe removal jurisdiction. *Willy*, 855 F.2d at 1164.

■ A federal question must appear on the face of the plaintiff's complaint for this court to entertain proper removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In general, removal jurisdiction is not satisfied by raising a federal defense. *Id.* at 393, 107 S.Ct. at 2430. One exception to this general rule applies to areas of federal law that completely preempt state law, such as controversies involving an interpretation of section 301 of the Labor Management Relations Act (LMRA). *Id.; and see Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

In the present case, Fina contends that the above exception applies and that an adjudication of plaintiff's claim requires an interpretation of the Management Rights provision of the CBA. Section 301 of the LMRA, 29 U.S.C. section 185, states that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

■ Federal jurisdiction arises under section 301 when a state claim is inextricably intertwined with the interpretation of the terms of the collective bargaining agreement. *See Lingle*, 486 U.S. at 406–407, 108 S.Ct. at 1881–1883.. In *Lingle*, the Supreme Court recognized an exception to the broad language of section 301 preemption. The Court held that the factual inquiry necessary to ascertain whether an employee's state law retaliatory discharge claim is valid may exist independently from any analysis of the collective bargaining agreement. *Id.* at 409–410, 108 S.Ct. at 1883–1884. The Court stated that:

even if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the [state law] claim is "independent" of the agreement for § 301 pre-emption purposes.

*Id. Lingle* essentially carves out an exception to the preemptive scope of the LMRA for state claims involving retaliatory discharge or other fact specific state claims that do not require an independent examination of the collective bargaining agreement. *Id.* at 408–410, 108 S.Ct. at 1882–1884; *see also Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1089–1090 (5th Cir.1991) (*Roadway Express I* ), *reh'g denied, Jones v. Roadway Exp., Inc.*, 936 F.2d 789, 791 (5th Cir.1991) (*Roadway Express II* ).

In an effort to clarify this exception, the Court revisited *Lingle* in *Livadas v. Bradshaw*, —— U.S. ——, ——, 114 S.Ct. 2068, 2078, 129 L.Ed.2d 93 (1994). *Livadas* held

---

**2.** 28 U.S.C. section 1441(a) states that:

[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

that "when the meaning of a contract term is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* (citing *Lingle*, 486 U.S. at 413, n. 12, 108 S.Ct. at 1885, n. 12). Similarly, in *Hawaiian Airlines, Inc. v. Norris*, —— U.S. ——, ——, 114 S.Ct. 2239, 2246, 129 L.Ed.2d 203 (1994), plaintiff asserted that he was fired in violation of State public policy and in retaliation for whistle-blowing. The Supreme Court held that "[w]holly apart from any provision of the CBA, petitioners had a state-law obligation not to fire respondent in violation of public policy or in retaliation for whistleblowing." *Id.* In other words, the state claim existed independently from a determination of any possible federal claim.

Applying the principles set out in *Lingle* and its progeny, the Fifth Circuit in *Roadway Express II* held that claims for wrongful discharge or discrimination in retaliation for filing worker's compensation claims under section 8307c of the Texas Revised Civil Statutes are not subject to preemption by section 301 of the LMRA. *Roadway Express II,* 936 F.2d at 791. *Roadway Express I* also recognized that "[c]ongress did not intend that section 301 should preempt 'state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.'" *Roadway Express I,* 931 F.2d at 1089 (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 219, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985)).

These cases permit the state of Texas to protect the important interest of insuring that Texas worker's compensation laws can function properly. However, a plaintiff suing under article 8307c must establish a causal link between his discharge or discrimination and his worker's compensation claim. *Roadway Express I,* 931 F.2d at 1090 (citing *Hughes Tool Co. v. Richards,* 624 S.W.2d 598, 599 (Tex.Civ.App.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982)). This factual determination focuses on whether a retaliatory discharge occurred. In these cases, the CBA may provide support to the parties' respective positions and credibility. Nevertheless, section 8307c (451.001)

claims are not automatically considered to be inextricably intertwined with the collective bargaining agreement.

The analytical framework of *Lingle* controls the Fifth Circuit's analysis of cases involving state law claims tangential to an interpretation of a collective bargaining agreement. *See Anderson v. American Airlines, Inc.,* 2 F.3d 590, 595 (5th Cir.1993). Two lines of case law have developed from *Lingle.*

For example, in *Wells v. General Motors Corp.,* 881 F.2d 166, 173 (5th Cir.1989), *cert. denied,* 495 U.S. 923, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990), the court found that, although the collective bargaining agreement was relevant to the dispute, plaintiffs' claims focused on defendant's extraneous promises regarding future employment eligibility. Plaintiffs maintained that these oral representations fraudulently induced them to opt for the collectively bargained for contract. *Id.* at 173. The court determined that oral representations made by the defendant about the CBA did not inextricable intertwine plaintiffs' fraudulent inducement claim with the CBA to the degree necessary to confer federal jurisdiction under section 301. *Id.* at 173–174. In *Wells,* the CBA contained no provisions for deciding disputes arising from oral representations about the CBA. The court, therefore, held that the state fraudulent inducement claim was not preempted by section 301. *See also Anderson,* 2 F.3d at 595; *Roadway Express I,* 931 F.2d at 1090; *Roadway Express II,* 936 F.2d at 792.

In another line of cases, courts found that section 301 preemption applied when state claims actually required an interpretation of the collective bargaining agreement. In *Baker v. Farmers Elec. Co–Op, Inc.,* 34 F.3d 274, 280 (5th Cir.1994), plaintiff filed an intentional infliction of emotional distress claim arising from a job reassignment. The court held that the terms of the CBA were relevant to the disposition of this case because the CBA granted managements rights over the business decisions of the defendant, including the propriety of plaintiff's reassignment. *Id.* The resolution of whether defendant's conduct was extreme and outrageous necessarily required and analysis of whether

defendant could, in fact, reassign plaintiff to another work station. *Id.* Therefore, the CBA was inextricably intertwined with the state claim and section 301 preemption applied. *See also Thomas v. LTV Corp.*, 39 F.3d 611, 621 (5th Cir.1994) (holding that plaintiff's wrongful discharge claim expressly based on a provision of the CBA warranted section 301 preemption); and *Medrano v. Excel Corp.*, 985 F.2d 230, 233 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 79, 126 L.Ed.2d 47 (1993) (Plaintiff actually relied on the settlement provisions of the CBA to form his 8307c violation claim. The court held that, by relying on the CBA provision to state a claim, plaintiff availed himself of section 301 preemption. *Id.*)

In the case *sub judice*, plaintiff filed one cause of action under section 8307c, recodified as section 451.001 of the Tex.Labor Code Ann. The factual basis for plaintiff's complaint involved discrimination and harassment in connection with the receipt of a letter notifying him of management's displeasure with his absenteeism.

Fina contends that the Management Rights provision of the CBA permits it to send letters of concern to habitually absent employees. Therefore, plaintiff's claim that the letter constitutes discrimination necessarily requires an interpretation of the CBA to determine whether Fina properly send this letter under the CBA's Management Rights provision.

Umphrey contends that the letter of concern was sent to him in retaliation for filing worker's compensation claims. He maintains that his claim rests solely on a determination of the propriety of the letter under section 8307c. He does not dispute the company's authority under the CBA to send this letter of concern. Plaintiff's complaint merely objects to the letter only as it relates to discrimination by Fina in retaliation for his previous worker's compensation claims.

Much like the decisions in *Lingle* and *Roadway Express*, this case turns on whether a state claim for retaliation may exist independently from a determination of the validity of certain terms in a CBA. The decision herein involves only matters of Texas law. The Texas Labor Code section 451.001 forbids a company from discriminating against an employee for filing worker's compensation claims. Tex.Labor Code Ann. § 451.001. It is the opinion of this court that the validity of a cause of action for harassment under section 451.001 is a matter best left to the judgment of the Texas courts. This court finds that no interpretation of the CBA is required to correctly determine the outcome of this case and that section 301 preemption does not apply.

For the foregoing reasons, this court GRANTS the plaintiff's Motion to Remand and hereby ORDERS that this case be remanded this case to the 58th Judicial District Court of Jefferson County Texas.