Mark **UMPHREY**, Plaintiff,

v.

**FINA OIL & CHEMICAL COMPANY,**
**Defendant.**

No. 1:95–CV 0411.

United States District Court,
E.D. Texas,
Beaumont Division.

March 22, 1996.

James A. Morris, Jr., Jill Swearingen–Chatelain, Provost & Umphrey, Beaumont, TX, for plaintiff.

Durwood Douglas Crawford, Goins Underkofler Crawford & Landon, Dallas, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The Plaintiff in this case originally filed suit against the Defendant in the 58th Judicial District, Jefferson County, Texas, alleging damages resulting from the Fina's issuance of "Letters of Concern" ("letters") pursuant to an employee absenteeism program. The Plaintiff argue that the Letters were issued in retaliation for the Plaintiffs' pursuit of workers' compensation claims. Plaintiff seeks damages from the Defendant for retaliation in violation of § 451.001 of the Texas Labor Code ("§ 451"). Defendant timely removed to this court on the basis of preemption under § 301 of the Labor Management Relations Act ("§ 301" and "LMRA"). This Court finds that Plaintiff's retaliation claim is not preempted by § 301.

### Background

The Plaintiff in this action contends that he was injured while employed by Fina and consequently filed workers' compensation claim. As a result of his injuries, the Plaintiffs was absent from work for some length of time. Due to his history of absenteeism, the Plaintiff was sent a Letter of Concern by Fina in accordance with an employee absenteeism program which was not developed in conjunction with the union. The Plaintiff's claim retaliation stemming from the issuance of the Letter.

Defendant asserts that the Management Rights Clause [1] of the collective bargaining agreement ("CBA") between Fina and the union give Fina the right to develop and implement an employee absenteeism program. Defendant argues that because the

---

1. The Management Rights Clause provides that, "Except to the extent expressly limited by any provisions of this Agreement, all regular and customary rights and functions of Management in the conduct of business are exclusively reserved to and vested in the Company."

program was within their rights, sending letters of concern provides no basis for legal liability. The Plaintiff admits that they do not challenge Fina's *right* to send the Letters, but rather that the sending of the Letters are retaliatory action. Because the Defendants believe an interpretation of the CBA is necessary to resolve this retaliation claim, they have removed the case to federal court.

## ANALYSIS

The sole issue before this court is whether Plaintiffs' well-pleaded complaint raises issues "arising under the Constitution, laws, or treaties of the United States" that entitle the Defendants to remove the case to federal court. *See* 28 U.S.C. §§ 1331, 1441(a).[2]

 Section 1331 provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), aff'd, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Significant federalism concerns require this court to strictly construe removal jurisdiction. *Willy*, 855 F.2d at 1164.

 A federal question must appear on the face of the plaintiff's complaint for this court to entertain proper removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In general, removal jurisdiction is not satisfied by raising a federal defense. *Id.* at 393, 107 S.Ct. at 2430. One exception to this general rule applies to areas of federal law that completely preempt state law, such as controversies involving an interpretation of § 301 of the Labor Management Relations Act (LMRA). *Id.*; and *see Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

**2.** 28 U.S.C. section 1441(a) states that: [a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

### *Section 301 Preemption Generally*

The Defendants assert that Plaintiffs' claims are properly removed because they are preempted by § 301 of the LMRA and as such are federal questions. Section 301 of the LMRA states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

In *Lingle*, the Supreme Court held that § 301 preempts an application of state law "only if such application requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410, 423 (1988). Congress did not intend that § 301 should preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 219, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). That the state court would have to decide precisely the same issue and analyze the same facts as would the arbitrator does not matter so long as resolving the state law claim without interpreting the CBA is possible. *Lingle*, 486 U.S. at 410, 108 S.Ct. at 1883, 100 L.Ed.2d at 421. The Court noted that in a typical case involving, for instance, "just cause" for discharge, a state court could resolve a discrimination or retaliatory discharge claim without interpreting the "just cause" language of the CBA. *Id.* at 413, 108 S.Ct. at 1885, 100 L.Ed.2d at 423. In such instances, the state law claim is "independent" of the CBA for preemption purposes. *Id.* at 410, 108 S.Ct. at 1883, 100 L.Ed.2d at 421.

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Court of Appeals for the Fifth Circuit has stated that § 301 preemption occurs when resolution of a dispute is " 'substantially dependent upon analysis of the terms' of the collective bargaining agreement." *Wells v. General Motors Corp.*, 881 F.2d 166, 173 (5th Cir.1989) (citing *Lueck*, 471 U.S. at 220, 105 S.Ct. at 1915, 85 L.Ed.2d 206), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990). A plaintiff's state law claims will not be preempted, even when they are "intertwined" with a CBA, so long as they are not "inextricably intertwined" with it. *Id.* at 175 n. 20; see *Lueck*, 471 U.S. at 213, 105 S.Ct. at 1912, 85 L.Ed.2d 206.

■ It is quite common for confusion to exist about the inextricable nature of a claim when a defendant alleges that his actions were permissible under the CBA. However, the Fifth Circuit Court of Appeals has held that "either party may use the CBA to support the credibility of its claims" even though the claim is not preempted. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991), *reh'g denied*, 936 F.2d 789 (5th Cir. 1991). Essentially, this means that although the employers may defend against claims by arguing that their actions were authorized under the CBA and its rules, this fact does not transform the claim into one which requires an interpretation of the CBA. See *Anderson*, 2 F.3d 590, 596–97 (5th Cir.1993).

■ To determine if adjudicating the claim requires the interpretation of a CBA, a court is required under *Lingle* to analyze the elements of the tort at issue. *Lingle*, 486 U.S. at 406–07, 108 S.Ct. at 1881–82, 100 L.Ed.2d at 419–20. If the elements of the cause of action require an interpretation of the CBA, the plaintiff's claim is inextricably intertwined and the case is removable.

## Section 301 Preemption and Claims of Retaliation

■ The Plaintiffs' underlying cause of action is for retaliation for filing a workers' compensation claim. Retaliation claims are defined in § 451.001 which provides that:

**3.** Article 8307c of the Texas Worker's Compensation Act was recently codified in Section 451.001

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act....

Tex.Labor Code Ann. § 451.001.[3] The statute expresses "the state's public policy of protecting its important interest in insuring that its workmen's compensation law can function to the benefit of its intended beneficiaries, employees, without coercion or unjust treatment from their employers as a result of exercising their rights under that law." *Carnation Co. v. Borner*, 588 S.W.2d 814, 819 (Tex.Civ.App.1979) aff'd 610 S.W.2d 450 (Tex. 1980).

■ In a § 451 suit, the plaintiff has the burden of establishing a causal link between the retaliatory action and the claim for workers' compensation. *Hughes Tool Co. v. Richards*, 624 S.W.2d 598, 599 (Tex.Civ.App. 1981), *cert. denied*, 456 U.S. 991; 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Once the plaintiff has established the causal link, the employer must rebut by showing a legitimate reason for the discharge. *Id.* The plaintiff does not need to prove that the retaliatory action was solely due to his proceeding with his workers' compensation claim; he need prove only that his claim was a determining factor in his discharge. *Azar Nut Co. v. Caille*, 720 S.W.2d 685, 687 (Tex.Civ.App. 1986) (citing *Santex, Inc. v. Cunningham*, 618 S.W.2d 557 (Tex.Civ.App.1981)) *aff'd* 734 S.W.2d 667 (Tex.1987). Even if other reasons for discharge exist, the plaintiff may still recover damages if retaliation is also a reason. *Santex*, 618 S.W.2d at 558–59.

As in *Lingle*, the basic issue in this case is whether the employer has taken retaliatory action. Resolution of this issue does not require an interpretation of the CBA. The trial court need only to ascertain if retaliation was among the reasons for which the letters of concern were sent. *See Santex*, 618 S.W.2d at 558–59. Fina's interest in sending the letters of concern may well have been to

of the Texas Labor Code. The codification did not change the substance of the statute.

prevent and deter absenteeism. There is little doubt that this was among the concerns which prompted the development of the employee absenteeism program under which the letters were sent. In his suit against Fina, the Plaintiff has not challenged Fina's *right* to institute the absenteeism program.[4] Rather, the Plaintiff asserts that the *sending* of the Letters of Concern is retaliatory. Because Umphrey's lawsuit does not challenge Fina's right to send the letters, an examination or interpretation of the Company's rights under the CBA is unnecessary. The retaliation claim and the interpretation of the CBA are not inextricably intertwined.

Furthermore, the right to be free from retaliation for pursuing workers' compensation exists for the Plaintiff independently of the CBA. The right originates in the statute which Texas has enacted to protect employees seeking compensation for work-related injuries. It does not depend upon any right or duty originating in the CBA. The Plaintiff's right would exist even were there no CBA, and the CBA cannot grant an employer the right to violate an employee's proscribed statutory rights.

█ Consequently, the general rule is that a claim that an employer retaliated against an employee for filing a workers' compensation claim is not preempted by the LMRA. *See Anderson v. American Airlines, Inc.,* 2 F.3d 590, 596 (5th Cir.1993).

The Defendant attempts to assert a claim under the theory advanced in *Thomas v. LTV Corp.,* 39 F.3d 611 (5th Cir.1994). In *Thomas,* the plaintiff repeatedly and explicitly stated that his *claim* (lawsuit) was based on the interpretation of a particular provision of a separately negotiated agreement which was found to be a CBA. *Thomas,* 39 F.3d at 621. Despite the Defendant's characterizations, there is no such claim in this case. The employer's motives in sending the letters are the subject of the retaliation claim, not the company's right to send them.

Fina also relies on *Medrano v. Excel Corp.,* 985 F.2d 230 (5th Cir.1993). In *Me-*

*drano,* however, the plaintiff alleged that *a specific provision of the CBA itself* discriminated against certain employees who settled their workers' compensation claims. *Medrano,* 985 F.2d at 234. Therefore, the Fifth Circuit concluded that resolution of the claim required an interpretation of the collective bargaining agreement, and the claim was preempted. *Medrano* does not support Fina's position. In the present case, the Plaintiff has not challenged the validity of any specific provision of the CBA. The Plaintiff is not requesting an interpretation of the CBA; he is merely questioning the sincerity of Fina's proffered justification for the Letters. Although Fina may argue that its actions were authorized in light of the CBA's provisions, according to *Jones,* this does not convert the claim into one which is preempted by the LMRA. Consequently, the Plaintiff's claim for retaliation is not preempted by the LMRA.

As no interpretation of any provision of the collective bargaining agreement is required in order to resolve the § 451 claim, the Plaintiff's Motion to Remand is Granted.

---

**4.** The Plaintiff admits that he has filed a *grievance* with his union which challenges Fina's right to institute the absenteeism program. The challenge made in the grievance is irrelevant to this lawsuit. The Plaintiffs' claims *in this suit* do not challenge Fina's authority to institute the program. (Defendant's Notice of Removal, Exhibit E, p. 4.)